**Mensur HOT, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–0286–ag.

United States Court of Appeals, Second Circuit.

Dec. 15, 2008.

Andrew P. Johnson, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Terri J. Scadron, Assistant Director; Hillel R. Smith, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for Respondent.

Present DENNIS JACOBS, Chief Judge, PIERRE N. LEVAL, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Mensur Hot, a native and citizen of Montenegro, seeks review of the December 17, 2007 order of the BIA affirming the February 6, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mensur Hot*, No. A97 449 039 (B.I.A. Dec. 17, 2007), *aff'g* No. A97 449 039 (Immig.Ct.N.Y.City, Feb. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

Compulsory military service generally does not provide asylum seekers with adequate cause for claiming persecution. *See, e.g., Foroglou v. INS*, 170 F.3d 68, 71 (1st Cir.1999); *Krastev v. INS*, 101 F.3d 1213, 1217 (7th Cir.1996). However, an individual may be eligible for asylum if: (1) his or her refusal to serve in the military leads to "disproportionately excessive penalties," inflicted because of one of the five protect-

ed grounds; or (2) he or she is fleeing to avoid punishment for refusing to join a "military force condemned by the international community." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005).

Here, substantial evidence supports the BIA's conclusion that, even if Hot did establish past persecution based on the attempts by the Serbian army to recruit him for military service, conditions have changed such that he no longer has a well-founded fear of persecution upon return. *Id.* As in *Islami*, an examination of the record evidence demonstrates that conditions in Montenegro have "changed radically" since the end of the war in 1999 and that there is little likelihood that Hot would be persecuted through military service.[1] *Id.* at 398. In light of the foregoing, substantial evidence supports the IJ's decision to deny asylum based on changed country conditions. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *Islami*, 412 F.3d at 398. Accordingly, we need not address the agency's denial of asylum on discretionary grounds.

Hot's failure to challenge the IJ's denial of his withholding of removal and CAT claims before the BIA precludes our review; therefore, we dismiss his petition for review with respect to those claims. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

---

1. We take judicial notice of the fact that in June 2006, Montenegro declared independence from Serbia, whose army was responsible for the attempted conscription that caused Hot to flee. *Cf. Latifi v. Gonzales*, 430 F.3d 103, 106 n. 1 (2d Cir.2005).